**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Regina J. Taylor, | ) | Case No.: 04-10074-BGC-13 |
| | ) | |
| Debtor. | ) | |
| | | |
| Regina J. Taylor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 08-00262 |
| | ) | |
| American General Finance, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum Opinion on
Motion for Relief from Stay and
Complaint for an Accounting**

The matters before the Court are:

1.      A <u>Motion for Relief from Automatic Stay and Motion for Relief Against Co-Debtor Pursuant to 11 U.S.C. § 1301</u> filed on November 21, 2008. Case Docket No. 66:

2.      The <u>Debtor's Response to Creditor, American General Finance's, Motion for Relief from Automatic Stay</u> filed on December 15, 2008. Case Docket No. 71; and

3.      The Debtor's <u>Complaint</u> in Adversary Proceeding No. 08-00262 filed on December 15, 2008, requesting an accounting.  A.P. Docket No. 1.

After notice, a trial was held on March 5, 2009.  Appearing were the debtor; her husband Byron Taylor; her attorney Jerome Tucker; Michael Harrison for American General Finance; and Carla LeBlanc, a representative for American General Finance. The matters were submitted on the testimony of Ms. LeBlanc, the testimony of the debtor, exhibits, the records of the Chapter 13 trustee, and the records in this case.

## I. Findings of Fact

### A. Background

The debtor-plaintiff entered into a mortgage contract with the movant-defendant on October 15, 1998. Creditor's Ex. B.

The debtor filed the pending Chapter 13 case on November 15, 2004. Docket No. 1.

American General filed Claim No. 2 in this case on January 25, 2005. That claim included the debtor's mortgage arrears through December 2004 of $1,076.27.

When the debtor did not make all of her postpetition mortgage payments, the movant filed a <u>Motion for Relief from Automatic Stay</u> on December 5, 2005. Case Docket No. 46. That matter was resolved by a <u>Consent Order Motion for Relief from Automatic Stay</u> entered January 25, 2006. Case Docket No. 51. That order provided:

> This matter having come before the Court on American General Finance's Motion for Relief from the Automatic Stay and the parties having advised the Court that an agreement has been reached which is encompassed in this Order, it is therefore ORDERED, ADJUDGED and DECREED as follows:
>
> 1.    American General Finance's Motion is CONDITIONALLY DENIED.
>
> 2.    American General Finance is granted leave to file an amended Proof of Claim for the $2,162.70 plus attorney fees and court costs in the amount of $550.00 which shall be paid through the Chapter 13 Plan.
>
> 3.    American General Finance and the Debtor agree that the debtor shall resume direct monthly mortgage payments to American General Finance commencing with the January, 2006 payment pursuant to the terms of the Note and Mortgage.
>
> 4.    In the event of a future default based on the Promissory Note and Mortgage, American General Finance shall file a Notice of Default and the matter shall be placed for hearing on the Court's docket to determine relief sought by American General Finance.

<u>Id</u>.

The movant amended Claim No. 2 on January 26, 2006, for $3,238.97, which included additional mortgage arrears of $2,162.70.

2

When the debtor failed to make additional postpetition mortgage payments, the movant filed a <u>Renewed Motion for Relief from Stay</u> on December 1, 2006. Case Docket No. 53. This motion was also resolved by consent of the parties. On February 15, 2007, this Court entered a second <u>Consent Order Motion for Relief from Automatic Stay</u>. Case Docket No. 59. That order provided:

> This matter having come before the Court on American General Finance's Motion for Relief from the Automatic Stay and the parties having advised the Court that an agreement has been reached which is encompassed in this Order, it is therefore ORDERED, ADJUDGED and DECREED as follows:
>
> 1. American General Finance's Motion is CONDITIONALLY DENIED.
>
> 2. American General Finance is granted leave to file an amended Proof of Claim for the post-petition arrearage through November, 2006 plus attorney fees and court costs.
>
> 3. American General Finance and the Debtor agree that the Debtor shall resume direct monthly mortgage payments to American General Finance commencing with the December, 2006 payment pursuant to the terms of the Note and Mortgage.
>
> 4. If the Debtor fails to pay a complete monthly mortgage payment, then in that event, American General Finance shall mail by regular mail a letter of default to the Debtor and the Debtor's attorney at the address listed on the petition, if the Debtor fails to cure the post-petition default within ten (10) days of the date of the letter, **the automatic stay provided under 11 U. S.C. Section 362 and 11 U.S.C. Section 1301 will terminate automatically without further Notice or Order of this Court**.

<u>Id</u>. (emphasis added).

On February 19, 2007, American General again amended Claim No. 2. The total amount was then $6,993.94. That amount included the two previous arrearage amounts plus arrears from May 2006 through November 2006, attorney fees and court costs.

Contending that the debtor failed to make all mortgage payments due after the February 15, 2007, order and failed to cure those defaults in accordance with the future relief provisions of that order, the movant began foreclosure proceedings against the debtor.

Case 08-00262-BGC    Doc 13    Filed 07/07/09    Entered 07/07/09 13:13:43    Desc Main
Document      Page 3 of 7

In response, the debtor filed an <u>Emergency Motion to Enjoin Foreclosure Sale Which is Scheduled for Friday, January 4, 2008</u> on January 4, 2008, Adversary Proceeding No. 08-00002, A.P. Docket No. 1. On January 25, 2008, the movant-defendant filed an <u>Objection to and Motion to Dismiss Debtor's Motion to Enjoin Foreclosure Sale</u>. A.P. Docket No. 4.

After notice, a hearing was held on May 21, 2008, on the debtor's <u>Emergency Motion</u> and the movant's <u>Objection</u>. The movant-defendant agreed not to foreclose without filing a new motion for relief. This Court entered an order on May 29, 2008, which included that agreement. A.P. Docket No. 15.

The movant filed its third, and current, motion for relief from stay on November 21, 2008. Case Docket No. 66. It was titled <u>Motion for Relief from Automatic Stay and Motion for Relief Against Co-Debtor Pursuant to 11 U.S.C. § 1301</u>.

On December 15, 2008, the debtor filed a second <u>Complaint</u>. In that complaint, the debtor requested:

> 3.     That the Plaintiff-Debtor, requests an accounting of all charges on the mortgage by Defendant-Creditor American General Finance and the payments thereon. The Creditor needs to give an account as required by equity.
>
> 4.     That the Plaintiff-Debtor requests an accounting of all charges and payments received from Plaintiff-Debtor.

<u>Complaint</u>, Adversary Proceeding No. 08-00262, A.P. Docket No. 1.

On December 15, 2008, the debtor also filed her <u>Debtor's Response to Creditor, American General Finance's, Motion for Relief from Automatic Stay</u> in which she requested to continue the hearing on the motion for relief, an audit of the debtor's payments to the movant, and to continue the automatic stay. Case Docket No. 71.

A trial was held on March 5, 2009. Ms. Carla LeBlanc, a representative for American General Finance, and Ms. Taylor testified.

## B.  Summary of the Trial Testimony

### 1.  Ms. LeBlanc

Ms. LeBlanc gave exacting, detailed testimony about the debtor's payment history on the subject mortgage. According to that testimony, the debtor was, at the time of trial, <u>twenty-one</u> payments in arrears. Nine of those payments were from 2007. Twelve of those payments were from 2008, that is, the debtor did not make a mortgage payment in 2008. Debtor's Ex. 5.

4

Ms. LeBlanc also testified about the numerous mortgage payments the debtor failed to make from 2005 to the time of trial. In 2005 the debtor did not make mortgage payments for April, July, September, October, November, and December. Debtor's Ex. 2. In 2006 the debtor did not make mortgage payments for May, June, July, August, September, October, and November. Debtor's Ex. 3. After the Court entered its February 15, 2007, consent order, which included future relief if the debtor did not make all mortgage payments, the debtor did not make mortgage payments for April, May, June, July, August, September, October, and November. Debtor's Ex. 4. As stated above, the Debtor did not make any mortgage payments in 2008, which of course, includes the payment due for December 2008, the first payment due after the movant filed its third, and current, motion for relief from stay on November 21, 2008. Debtor's Ex. 5.[1]

## 2. Ms. Taylor

The debtor did not offer any evidence that she had made any of the payments the movant contends she did not make. When asked if she had any records to show that she had made the missed payments, she testified that she had not brought any. When asked specifically about the individual payments the movant contends she missed, the debtor testified that she had not made the payments or she did not have any evidence that she had.

When asked if she had made the payments due after the Court's February 15, 2007, which included relief from the stay if she did not make those payments, the debtor testified that she had not made the payments. When asked if she had any documents to show that she had made a payment in 2008, the debtor testified that she did not.

## II. Issues

The only issues before the Court are:

1.  Did the debtor make all of the mortgage payments due after the Court's February 15, 2007, Order? If she did not, relief from stay is due to be granted.

2.  Did American General provide the accounting requested in the Adversary Proceeding No. 08-00002? If it did, there is nothing left for American General to provide.

---

[1] The debtor argued that American General did not properly credit the debtor's account with payments received by the trustee. The confirmation order in this case did not include a "passthrough" payment for the debtor's mortgage payments. The Chapter 13 trustee's records demonstrate that the trustee made regular payments to American General; however, those payments were for the ever increasing mortgage arrears caused by the debtor's continuing mortgage defaults. Debtor's Ex. 6.

### III.  Conclusions of Law

### A.  Relief from the Stay

### 1.  Relief Under the Consent Order

The Court is bound to enforce a consent order strictly according to its terms. The Court in <u>Strouse v. J. Kinson Cook, Inc.</u>, 634 F.2d 883 (5th Cir. (Unit B) 1981) explains:

> Although a consent decree is a judgment, it is to be construed for enforcement purposes as a contract.  <u>United States v. ITT Continental Baking Co.</u>, 420 U.S. 223, 238, 95 S.Ct. 926, 935, 43 L.Ed.2d 148, 162 (1975).  Under the rules of construction applicable to consent agreements, the contract of consent, as the law between the parties, must be enforced as written.  <u>Id</u>. at 236, 95 S.Ct. at 934, 43 L.Ed.2d at 161.  Any command alleged to exist therein must be found "within its four corners."  <u>United States v. Armour & Co.</u>, 402 U.S. 673, 682, 91 S.Ct. 1752, 1757, 29 L.Ed.2d 256, 263 (1971).  Unless the language is ambiguous, there can be no departure from the "four corners" rule.  <u>United States v. ITT Continental Baking Co.</u>, 420 U.S. at 238, 95 S.Ct. at 935, 43 L.Ed.2d at 162.

<u>Id</u>. at 885.

These parties have entered into two consent orders.  The second one included the provision, "if the Debtor fails to cure the post-petition default within ten (10) days of the date of the letter, **the automatic stay provided under 11 U. S.C. Section 362 and 11 U.S.C. Section 1301 will terminate automatically without further Notice or Order of this Court**."  <u>Id</u>. Case Docket No. 59.  The facts are clear that the debtor did not make all of her mortgage payments after that order was entered and did not cure those arrears in the time allowed by that order.

Based on the above, relief from stay is due to be granted under the two consent orders.

### 2.  Relief In Addition To the Consent Order

Pursuant to section 362(d) of the Bankruptcy Code, a party in interest is entitled to relief from the stay for "cause."  11 U.S.C. § 362(d).  "Cause" is not defined in the Bankruptcy Code.  Courts generally decide whether cause exists based on the totality of circumstances in each case.  <u>In re Brown</u>, 290 B.R. 415 (Bankr. M.D. Fla. 2003); <u>In re Robertson</u>, 244 B.R. 880 (Bankr. N.D. Ga. 2000).  If cause exists, the Court may terminate, annul, modify, or condition the stay.  11 U.S.C. § 362(d).

6

This is American General's third motion for relief from the stay. The debtor violated the Court's two prior orders. The debtor did not make any mortgage payment in 2008. The debtor was 21 payments in arrears at the time of trial.

Based on the totality of circumstances in this case, the Court finds that "cause" exists for granting relief from the stay.[2]

## B. Accounting

Ms. LeBlanc's testimony demonstrates that American General provided the accounting the debtor requested. Ms. LeBlanc's testimony was exact, direct, and all encompassing. She explained the debtor's transactions with American General from 2005 forward in detail. The records she provided the debtor (Debtor's Exs. 1-5), the Chapter 13 trustee's records (Debtor's Ex. 6), and Ms. LeBlanc's testimony, accounted for all of the payments made by the debtor and the trustee and explained how those payments were applied by American General.

## IV. Conclusions

Based on the above, the Court concludes that the movant is entitled to relief from stay and the debtor received the accounting she requested.

A separate order will be entered in conformity with this memorandum opinion.

Dated: July 7, 2009                              /s/Benjamin Cohen
                                                 BENJAMIN COHEN
                                                 United States Bankruptcy Judge

BC:pb

_____

[2] Before American General filed the current motion for relief from stay, the debtor argued that the co-debtor on the mortgage, Byron Taylor, had not been properly advised of the circumstances. There is no evidence that the co-debtor was not served with these matters, although the co-debtor has not appeared in this case. Notwithstanding those facts, this loan is for a mortgage on real property. The co-debtor stay applies only to "consumer debts." Section 1301(a) reads, "after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt...." 11 U.S.C. § 1301(a)(emphasis added). Section 101(8) of the Bankruptcy Code defines a "consumer debt" as a, "debt incurred by an individual primarily for a personal, family, or household purpose." Based on the above, the Court finds that the co-debtor stay does not apply to Byron Taylor. Consequently, the co-debtor stay does not operate to preclude the movant from proceeding against the property.

7